**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of: } | |
| } | |
| RANDY CURTIS BULLOCK } | CASE NO. 09-84300-JAC-7 |
| SSN: XXX-XX-2223 } | |
| } | CHAPTER 7 |
| Debtor(s). } | |
| | |
| BANKCHAMPAIGN, N.A., as Successor } | A.P. No. 10-80003-JAC-7 |
| Trustee of the Curt Bullock Trust No. 2, } | |
| } | |
| Plaintiff(s), } | |
| v. } | |
| } | |
| RANDY CURTIS BULLOCK } | |
| } | |
| Defendant(s). | |

**MEMORANDUM OPINION**

This matter is before the Court on BankChampaign's motion for summary judgment on its complaint to determine the dischargeability of a state court judgment entered against the debtor, Randy Bullock ("Bullock"), in the Circuit Court of Illinois of Vermilion County, Danville Illinois. For the reasons set for below, the Court finds that the debtor is collaterally estopped from attacking the Illinois court's judgment because the issues determined by the state court are the same as the issues arising under 11 U.S.C. § 523(a)(4).

**I.    BACKGROUND**

On June 11, 2002, the Illinois court entered a memorandum opinion and order granting summary judgment in favor of BankChampaign. The court determined that Bullock

breached his fiduciary duty by self-dealing while serving as trustee of a living trust. After a subsequent trial on the issue of damages, the Illinois court entered an order dated December 22, 2002 awarding damages in favor of BankChampaign against Bullock in the amount of $250,000, plus attorney fees in the amount of $35,000 based on Bullock's breach of fiduciary duty. The damages awarded represented the benefits Bullock received from his breaches of fiduciary duty.

On October 21, 2009, Randy Bullock filed for bankruptcy relief in this Court under Chapter 7 of the Bankruptcy Code. On January 11, 2010, BankChampaign filed this complaint to determine dischargeability of the judgment debt owed to the bank pursuant to § 523(a)(4). BankChampaign seeks summary judgment based on the doctrine of collateral estoppel by applying the findings of fact and conclusions of law made by the Illinois court to the elements of its § 523(a)(4) claim in this adversary proceeding as a debt for "fraud or defalcation while acting in a fiduciary capacity[.]" 11 U.S.C. § 523(a)(4).

## II. STANDARD FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(c) and Federal Rule of Bankruptcy Procedure 7056, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Gray v. Manklow (In re Optical Tech., Inc.),* 246 F.3d 1332, 1334 (11th Cir. 2001)(quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552

2

(1986)). "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *In re Optical Tech, Inc.,* 246 F.3d at 1334 (11th Cir. 2001)(*quoting Chapman v. A1 Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *In re Optical Tech, Inc.,* 246 F.3d at 1334 (11th Cir. 2001)(*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "[A] bankruptcy court deciding a summary judgment motion . . . must determine whether there are any genuine issues of material fact." *In re Optical Tech, Inc.,* 246 F.3d at 1334.

"When a party seeks summary judgment based on the doctrine of collateral estoppel, the nonmoving party may not defeat the motion simply by establishing that it has evidence that conflicts with the factual conclusions of the trier of fact in the previous case. Even if the nonmoving party produces evidence that contradicts a prior judgment, collateral estoppel bars the party from relitigating facts decided in the previous case." *Southern California Gas Co. v. Collier (In re Collier)*, 2010 WL 1241778, at *2 (Bankr. N.D. Ill. 2010); *Multiut Corp. v. Draiman (In re Draiman)*, 2006 WL 1876972, at *4 (Bankr. N.D. Ill 2006). While the movant bears the burden of showing that collateral estoppel applies in the first instance, the non-moving party may oppose the motion by arguing that the movant has not satisfied each of the elements of collateral estoppel. *Id.*

3

## III.     STANDARD FOR COLLATERAL ESTOPPEL

The doctrine of collateral estoppel or issue preclusion refers to the effect of a judgment in foreclosing the relitigation of a matter that has already been litigated and decided. *Quinn v. Monroe County*, 330 F.3d 1320, 1328 (11th Cir. 2003); *See St. Laurent, v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 (11th Cir. 1993)("Collateral estoppel, or issue preclusion bars relitigation of an issue previously decided in judicial or administrative proceedings . . ."). "A bankruptcy court may rely on collateral estoppel to reach conclusions about certain facts, foreclose relitigation of those facts, and then consider those facts as 'evidence of nondischargeability.'" *Thomas v. Loveless (In re Thomas)*, 288 Fed. Appx. 547, at *1 (11th Cir. 2008). While collateral estoppel may bar a bankruptcy court from relitigating the factual issues previously decided in another judicial proceeding, "the ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability." *In re St. Laurent*, 991 F.2d at 675.

The Eleventh Circuit gives "preclusive effect to the judgment of a state court provided that two conditions are met: (1) the courts of the state from which the judgment emerged would do so themselves; and (2) the litigants had a full and fair opportunity to litigate their claims and the prior state proceedings otherwise satisfied the applicable requirements of due process." *Quinn*, 330 F.3d at 1329. "If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's

4

Case 10-80003-JAC    Doc 28    Filed 05/27/10    Entered 05/27/10 13:44:53    Desc Main
Document      Page 4 of 16

preclusive effect." *In re St. Laurent,* 991 F.2d at 675-676. Under Illinois law, the following elements must be established before collateral estoppel may be invoked:

    (1) the issue decided in the prior litigation was identical to the current one;

    (2) there was a final judgment on the merits;

    (3) the party against whom estoppel is asserted was a party to the prior action or in privity with it; and

    (4) the factual issue at stake has actually and necessarily been litigated and determined in the prior action.

*Multiut Corp. v. Draiman (In re Draiman)*, 2006 WL 1876972, at *4 (Bankr. N.D. Ill 2006). When a party seeks to bar the relitigation of certain facts decided in a prior action, a court "must carefully review the prior judgment to determine whether the factual or legal issue at issue in the later proceeding was in dispute and finally resolved in the earlier proceeding." *Id.*

## IV.   ILLINOIS COURT'S FINDINGS

The suit filed by BankChampaign in the Illinois state court sought a determination that Bullock's actions as the trustee of an irrevocable living trust known as the Curt Bullock Trust No. 2, a trust established by the debtor's father, constituted a breach of his fiduciary duty not to self-deal. The Illinois court issued an opinion granting summary judgment in favor of the beneficiaries of the trust, finding in part as follows:

    (1) In December of 1978, Bullock's father created an irrevocable living trust and named Bullock as the trustee. The sole asset of the trust was a life insurance policy on the life of the debtor's father.

5

(2) Bullock borrowed funds against the cash value of the life insurance policy on three occasions and loaned the proceeds to his mother and to business entities in which he had an interest. Bullock and his mother used the money to repay a debt owed by Bullock's mother and to purchase real estate.

(3) Bullock lent money to entities in which he had a financial interest or to relatives which clearly placed him in a position where he would be tempted to act in his interest and possibly against the interest of the beneficiaries.

(4) Bullock placed himself in a position of conflict with the beneficiaries.

(5) The trust did not earn any profits on the loans.

(6) Bullock "was clearly involved in self-dealing and no exception to the prohibition against self-dealing is applicable." *Memorandum and Order*, p. 2.

(7) The loans made by Bullock while acting as trustee were self-dealing transactions as all of the loans were made to entities Bullock had a financial interest in or were made to a relative.

(8) Bullock's act of self-dealing constituted a breach of the defendant's fiduciary duty while acting as a trustee.

(9) The loans were self-dealing and Bullock failed to produce any evidence to show that an exception to the prohibition against self-dealing applied in the case.

(10) Summary judgment was not appropriate on plaintiff's contention that Bullock breached his fiduciary duty by constructive fraud because Bullock claimed that he acted in good faith.

6

(11) Although Bullock did not appear to have had a "malicious motive" in borrowing funds from the trust, the state court affirmatively found that neither the facts nor the circumstances surrounding the loans nor Bullock's motives excused him from liability. There was a clear breach of the Bullock's fiduciary duty entitling the plaintiffs to damages.

(12) The court concluded that the plaintiffs were entitled to an award of $250,000 plus attorney fees based on the benefit received by Bullock from the breaches he committed. The fact that Bullock had in fact repaid the loans did not excuse his conduct.

## V.   APPLICATION OF ILLINOIS' COLLATERAL ESTOPPEL STANDARDS

### 1.   IDENTITY OF ISSUES

While the bankruptcy court must look to the law of the state that issued the judgment at issue to determine whether the elements of collateral estoppel are satisfied, the ultimate issue of dischargeability is matter of federal law. *Southern California Gas Co. v. Collier (In re Collier)*, 2010 WL 1241778 (Bankr. N.D. Ill. 2010); *See also In re St. Laurent*, 991 F.2d at 676. Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt for "fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4). Before the Court can find a debt nondischargeable for fraud or defalcation under this exception, the Court must find that: (1) a fiduciary relationship existed between the debtor and creditor; and that (2) the debtor committed fraud **or** defalcation in the course of that fiduciary relationship. *Hosey v. Hosey (In re Hosey)*, 355 B.R. 311, 321 (Bankr. N.D. Ala. 2006); *Bookbinder v. Pleeter (In*

*re Pleeter)*, 293 B.R. 812, 815 (S.D. Fla. 2003); *Eavenson v. Ramey (In re Eavenson)*, 243 B.R. 160, 164 (N.D. Ga. 1999). In *Grogan v. Garner*, 498 U.S. 279 (1991), the Supreme Court held that the standard of proof to be applied in all dischargeability proceedings under § 523(a) is the preponderance of the evidence standard.

To prove breach of fiduciary duty in Illinois, a plaintiff must establish: (1) a fiduciary duty on the part of the defendant; (2) the defendant's breach of that duty; and (3) damages that were proximately caused by the defendant's breach. *DOD Technologies v. Mesirow Ins. Services, Inc.*, 887 N.E.2d 1, 6 (1st Dist. 2008). The burden of pleading the existence of a fiduciary relationship lies with the party seeking relief to establish same by clear and convincing evidence. *See Hensler v. Busey Bank*, 596 N.E.2d 1269, 1275 (4th Dist. 1992). The burden of proof by clear and convincing evidence standard "is more exacting than the 'preponderance of the evidence' standard[.]" *Jove Engineering, Inc. v. Internal Revenue Service (In re Jove)*, 92 F.3d 1539, 1545 (11th Cir. 1996).

## FIDUCIARY CAPACITY

The term "fiduciary" has traditionally been defined as a special relationship of confidence, trust, and good faith, but most courts have found this definition to be far too broad for purposes of § 523(a)(4). The Eleventh Circuit has discussed the definition of fiduciary capacity under § 523(a)(4) in *Quaif v. Johnson (In re Quaif)*, 4 F.3d 950, 953-54 (11th Cir. 1993) and *Guerra v. Fernandez-Rocha (In re Fernandez-Rocha)*, 451 F.3d 813, 816 (11th Cir. 2006) and explained in both cases that the exception to dischargeability is to

8

be narrowly construed. The Eleventh Circuit most recently explained the breadth of the term fiduciary for purposes of § 523(a)(4) as follows:

> In *Quaif*, this Court further noted that the 1934 *Davis* decision is the last Supreme Court case to speak to the issue and that the Supreme Court has left "the lower courts to struggle with the concept of 'technical' trust." *Quaif*, 4 F.3d at 953. *Quaif* also discussed the trends in judicial interpretation of the § 523(a)(4) exception and noted that courts seemed to include the **voluntary, express trust created by contract** within the scope of "fiduciary capacity" as used in § 523(a)(4). In contrast, courts have excluded the involuntary resulting or constructive trust, created by operation of law, from the scope of the exception. *Id.* Additionally, *Quaif* noted that cases have "also articulated a requirement that the trust relationship have existed prior to the act which created the debt in order to fall within the statutory [fidiciary capacity] exception." Accordingly, "constructive" or "resulting" trusts, which generally serve as a remedy for some dereliction of duty in a confidential relationship, do not fall within the § 523(a)(4) exception "because the act which created the debt *simultaneously* created the trust relationship." *Id.*

*In re Fernandez-Rocha*, 451 F.3d at 816. (emphasis added).

In *Quaif,* the Eleventh Circuit determined that a Georgia insurance statute created a technical trust for purposes of § 523(a)(4), while the court determined that a Florida physician licensing statute did not create a technical trust in *Fernandez-Rocha.* In this case, Bullock's fiduciary duty as trustee of the Curt Bullock Trust No. 2 arose under an express trust agreement entered into voluntarily by contract for purposes of § 523(a)(4). The Illinois court found that Bullock's father created an irrevocable living trust naming Bullock as trustee and further found Bullock liable for breach of his fiduciary duties while serving as trustee of same. The state court's findings clearly establish that Bullock owed a fiduciary duty to BankChampaign for purposes of § 523(a)(4) as the trustee of an express trust. Accordingly,

9

BankChampaign has established that collateral estoppel applies for purposes of determining whether a fiduciary relationship existed between BankChampaign and Bullock.

**FRAUD OR DEFALCATION**

BankChampaign argues that the issues decided by the state court are identical to the issue before this Court of whether Bullock committed fraud or defalcation. Bullock counters that collateral estoppel cannot apply to establish defalcation for purposes of § 523(a)(4) because the state court opinion did not specifically use the term "defalcation." The state court judgment need not, however, have specifically used the term "defalcation" for collateral estoppel to apply. *Multiut Corp. v. Draiman (In re Draiman),* 2006 WL 1876972, at *5 (Bankr. N.D. Ill 2006)(finding previous court need not have used the word "malicious" for collateral estoppel to apply in a § 523(a)(6) determination). Instead, this Court must closely review the state court decision to determine whether the factual or legal issues that are currently before this Court were in dispute and finally resolved in the state court proceeding. *In re Collier*, 2010 WL 1241778, at *2.

While the term defalcation generally refers to a failure to produce funds entrusted to a fiduciary, the Eleventh Circuit has observed that the "best analysis of 'defalcation' is that of Judge Learned Hand in *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510 (2d Cir.1937), in which 'Judge Hand concluded that **while a purely innocent mistake by the fiduciary may be dischargeable, a 'defalcation' for purposes of this statute does not have to rise to the level of 'fraud,' embezzlement,' or even 'misappropriation.'"** *In re*

10

*Fernandez-Rocha,* 451 F.3d at 817 (quoting *In re Quaif*, 4 F.3d at 955 (citing *Central Hanover*, 93 F.2d at 512)). Indeed, the court of appeals observed that that "[s]ome cases have read the term even more broadly, stating that **even a purely innocent party** can be deemed to have committed a defalcation for purposes of § 523(a)(4)." *Id.* (emphasis added.) The term defalcation has been further defined by courts in the Eleventh Circuit to include a "**fiduciary's failure to account for funds due to any breach of duty whether it was intentional, willful, reckless, or negligent. Proof of fraud is not even needed**." *Fish v. Sadler (In re Sadler)*, 2007 WL 4199598, at *2 (Bankr. N.D. Fla. 2007)(emphasis added).

In *McDowell v. Stein (In re McDowell)*, 415 B.R. 584 (S.D. Fla. 2009), a Florida District Court found that a state court judgment debt arising from a debtor's breach of fiduciary duty by self-dealing fell within the discharge exception for defalcation under § 523(a)(4). The district court found that the debtor's self-dealing and exclusion of the rightful owners from the use and operation of a company formed by the parties as equal co-owners resulted in the wrongful withholding of funds from the rightful owners for purposes of § 523(a)(4) where the debtor's conduct rose "above a purely innocent mistake" and constituted "a failure to produce funds entrusted to a fiduciary." *In re McDowell*, 415 B.R. 584, 598 (S.D. Fla. 2009). To the extent the state court imposed damages for breach of fiduciary duty, the district court determined that the debt was non-dischargeable under § 523(a)(4).

Here the state court found that Bullock, while acting in a fiduciary capacity, lent monies or misappropriated funds held in Bullock's fiduciary capacity to entities in which he had a financial interest or to relatives which clearly placed Bullock in a position where he

11

would be tempted to act in his own interest and possibly against the interest of the trust beneficiaries; Bullock placed himself in a position of conflict with the trust beneficiaries; Bullock was clearly involved in self-dealing; and Bullock's self-dealing constituted a breach of his fiduciary duty as trustee. Additionally, the court determined that Bullock failed to produce any evidence that an exception to the prohibition against self-dealing applied. The state court further accounted for the fact that Bullock had repaid the misappropriated funds to the trust when the court calculated BankChampaign's damages. Despite the fact that Bullock had shown a willingness to repay the loans, the state court found that BankChampaign was entitled to an award of $250,000, plus attorney fees, based on the benefit Bullock received from his breach of fiduciary duty. The findings of fact and conclusions of law entered by the Illinois state court are clearly sufficient to establish defalcation for purposes of § 523(a)(4). Bullock's conduct, i.e Bullock's use of trust funds to make loans to entities in which he had a financial interest or to relatives, was certainly not unintentional, nor a purely innocent mistake. Bullock intentionally misappropriated trust assets and by doing so placed himself in a position of conflict with the trust beneficiaries. Accordingly, to the extent the Illinois court imposed damages for breach of fiduciary duty by self-dealing, such debt is non-dischargeable under § 523(a)(4) as a debt for defalcation while acting in a fiduciary capacity.

Alternatively, the Court finds that the state court judgment supports a findings of fraud while acting in a fiduciary capacity for purposes of § 523(a)(4). Under Illinois law, a breach of fiduciary duty by self-dealing is fraudulent. *Maksym v. Loesch*, 937 F.2d 1237, 1241 (7th

Cir. 1991)("self-dealing in the course of a fiduciary relationship is . . . a form of fraud."). While Bullock concedes that the Illinois court found that he breached his fiduciary duty to BankChampaign by self-dealing, Bullock argues that the state court judgment specifically denied BankChampaign's motion for summary judgment on the issue of constructive fraud and further argues the presumption that self-dealing by a fiduciary is fraudulent is a rebuttable presumption. While the Illinois court refused to grant summary judgment in favor of BankChampaign on the issue of whether Bullock breached his fiduciary duty by constructive fraud, the state court did specifically find breach of fiduciary duty based on self-dealing which raises a presumption of fraud under Illinois law. Moreover, the state court specifically found that Bullock failed to raise any facts that would suggest that an exception to the finding of breach of fiduciary duty by self-dealing applied.

To state a claim for common law fraud in Illinois, "a plaintiff must allege that any misrepresentations were: (1) a false statement of material fact; (2) known or believed to be false by the party making them; (3) intended to induce the other party to act; (4) acted upon by the other party in reliance upon the truth of the representations; and (5) damaging to the other party as a result." *See Cwikla v. Sheir*, 801 N.E.2d 1103, 1110-111 (1 Dist. 2003). Similarly, to prove fraud under § 523(a)(4), the plaintiff must prove that: (1) the debtor made a representation; (2) the debtor knew the representation was false; (3) the debtor made a false representation with intention and purpose of deceiving the creditor; (4) creditor relied upon the debtor's representation; and (5) the creditor suffered loss or damage as the proximate result of the representation. *In re Wells*, 368 B.R. 506, 514 (Bankr. M.D. La.

13

2006). In Illinois, the elements of fraud must be proven by clear and convincing evidence which is a higher standard than required for establishing the elements of fraud by a preponderance of the evidence for purposes of § 523(a)(4). *Cwikla v. Sheir*, 801 N.E.22 at 1110-111. Accordingly, the Court finds that the finding of breach of fiduciary duty by self-dealing which is a form of fraud in Illinois supports a finding of fraud for purposes of § 523(a)(4).

### 2. FINAL JUDGMENT ON THE MERITS AND PARTY TO THE ACTION

The Court further finds that the state court judgment satisfies the second and third elements of collateral estoppel under Illinois law. The judgment was a final decision on the merits to which Bullock was a party. The state court resolved all of the issues before it and entered damages in favor of BankChampaign based on Bullock's breach of fiduciary duty by self-dealing.

### 3. ACTUALLY AND NECESSARILY LITIGATED

Bullock argues that the judgment is not entitled to collateral estoppel effect because the state court entered the judgment on summary judgment without a trial. An order entered based on summary judgment does, however, satisfy the actually litigated element of collateral estoppel. *Brown v. Manty (In re Brown)*, 2010 WL 1286078 (D. Minn. 2010)(finding debtor's invocation of Fifth Amendment did not prevent judgment that was entered by state

14

court at summary judgment stage of the proceedings from having collateral estoppel effect in later § 523(a)(4) proceeding where the debtor participated and opposed plaintiff's motion for summary judgment and the state court then carefully considered the record and concluded that there was no genuine issue of fact); *See also Little v. Tapscott,* 2002 WL 1632519, at *8 (N.D. Ill. 2002)("A granting of summary judgment operates to bar the cause of action for purposes of issue preclusion."); *Union Fed. Sav. and Loan Ass'n v. Champion Federal*, 557 N.E. 2d 950, 952 (Ill. App. 3 Dist. 1990)(summary judgment is the procedural equivalent of a trial and is an adjudication of the claim on the merits for purposes of collateral estoppel). Bullock was represented by counsel in the state court litigation and fully participated in the action. Accordingly, the state court judgment satisfies the actually and necessarily litigated element for purposes of collateral estoppel.

## VI. CONCLUSION

Bullock is barred from re-litigating the issue of breach of fiduciary duty by fraud or defalcation for purposes of § 523(a)(4). The state court judgment which found that Bullock misappropriated trust assets by self-dealing and breached his fiduciary duties while acting as a trustee falls within the discharge exception for fraud or defalcation while acting in a fiduciary capacity. The issues determined by the Illinois court in the prior lawsuit finding that Bullock breached his fiduciary duty by self-dealing were the same for purposes of Illinois's doctrine of collateral estoppel as the issues arising in this adversary proceeding to

15

discharge the resulting debt for "fraud or defalcation while acting in a fiduciary capacity" under § 523(a)(4). The Illinois court's judgment is nondischargeable.

A separate order will be entered consistent with this opinion.

**DONE and ORDERED** this date: May 27, 2010.

/s/ Jack Caddell
Jack Caddell
United States Bankruptcy Judge

16